LAURA M. CURTIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 56314.   Promulgated July 6, 1933.

*Watson Washburn, Esq.*, for the petitioner.
*Nathan Gammon, Esq.*, for the respondent.

OPINION.

SEAWELL: Petitioner's deficiency in income tax as determined by
the Commissioner for the year 1928, amounting to $863.60, results
from the disallowance by the Commissioner of a deduction of
$6,908.78 from gross income claimed by petitioner as an expense of
the operation of a racing stable conducted as a business by her during
that year.

The petitioner is an individual, residing in Washington, D.C.
In 1928 she was engaged in running two shops, one in Washing-
ton and one in New York, and she had profitable investments in
securities.  She was interested in horses and discussed with others
the idea of going into the business of horse racing and the breed-
ing of race horses, and was advised " she would have a great deal
of pleasure out of it and would probably make it pay if she would
supervise and work with it carefully."  She had no farm or stable
and never acquired either for her purposes.  She acquired five fillies,
yearlings in 1926, and put them in the hands of a trainer and stalled
them in public stables and with keepers of public farms or pastures.
She kept no books of account with reference to the cost of keeping
the horses and did not require the trainer or keeper to do so, but
depended upon her paid checks for showing the expense.  Some
or all the horses were raced in 1928 and won four or five purses,
amounting to two thousand dollars.  Petitioner spent more time
looking after the horses and attending races in which they were
entered than with both her shops.  Petitioner had had no previous
experience in breeding or racing horses, but had owned horses for
pleasure for many years.  When questioned as to her reason for
acquiring and keeping the horses, petitioner stated: " I had them
because I liked them and hoped to make it a success, make it a
successful racing stable."  *  *  *  " Well, it was a question of
pride with me, more than anything else.  I really had invested
that money in the stable as an investment, and I wanted to make
it pay.  My income was such that I could not have gone for any
length of time, if it had not paid, but I was going to go on for a

year or so." There were no foals from the mares in 1928, but some in 1929. In the latter year, finding the business unprofitable, she gave it up and gave away the colts.

During 1928, the taxable year, the petitioner had expenses with her horses for feeding, insurance, transportation, training, etc., amounting to $7,908.78, according to her petition, which is borne out by her evidence and the identified paid checks which she produced at the hearing. From this expense she deducted in her income tax return for that year *one* thousand dollars, being receipts from " stakes won " or purses obtained from races. This one thousand dollars is the amount alleged to have been deducted from expense in the petition, but in her testimony on the hearing, while she denied that the winnings were more, she admitted they were as much as *two* thousand dollars. This results in an overstatement of deductions of $1,000 on the return.

Breeding and racing stables, " though a financially hazardous undertaking, may be classified as a business under revenue laws," as was said in the case of *Margaret E. Amory*, 22 B.T.A. 1398. The *Amory* case is much like the case at bar. The petitioners are both women; neither owned a farm or stables; neither had previous experience in breeding and racing horses; both were fond of horses and thought they could make the business, as well as the horses, go; both purchased yearlings as a nucleus in building up their stables; both employed trainers and managers; both suffered losses from the beginning. One outstanding difference appears, Mrs. Amory continued for several years to increase her investments and to suffer increasing losses, while petitioner learned her lesson in two or three years and quit. While petitioner was induced to enter this undertaking not only for the hope of making money, but for the pleasure she expected with the horses, it appears that her activity was, under the circumstances, nevertheless a business. *Wilson* v. *Eisner*, 282 Fed. 38; *George D. Widener*, 8 B.T.A. 651; affd., 33 Fed. (2d) 833.

By reason of the fact that petitioner in her tax return for 1928 overstated the deductions in the sum of one thousand dollars as pointed out above, it follows that there is a corresponding understatement of income for the year 1928, in the amount of one thousand dollars, and we so find and adjudge.

*Judgment will be entered under Rule 50.*